UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

DD,

                                        Plaintiff,

        - against -

LINCOLN HALL, LINCOLN HALL IVES SCHOOL,
a/k/a IVES SCHOOL, DR. FRANK McGOWAN,
Individually and as Director of Special Education Services
and/or Head Principal and Employee of Lincoln Hall and/or
Lincoln Hall Ives School, ROBERT HANLEY,
Individually and as Assistant Principal and Employee of
Lincoln Hall and/or Lincoln Hall Ives School, TERRENCE
THOMPSON, Individually and as Assistant Principal and
Employee of Lincoln Hall and/or Lincoln Hall Ives School,
DR. ROBERT J. McEVOY, Individually and in his Official
Capacity as a Psychologist and and Employee of Lincoln
Hall and/or Lincoln Hall Ives School, DR. ALDO PORCO,
Individually and in his Official Capacity as a Psychiatrist
and Employee of Lincoln Hall and/or Lincoln Hall Ives
School, KAY RICE, Individually and as Social Worker
Transitional Therapist and Employee of Lincoln Hall
and/or Lincoln Hall Ives School, CHRISTINE HICKEY,
Individually and in her Official Capacity as a Guidance
Counselor and CSE Chairperson and Employee of Lincoln
Hall and/or Lincoln Hall Ives School, SHAWN BROWN,
Individually and in his Official Capacity as Head of
Security and Employee of Lincoln Hall and/or Lincoln Hall
Ives School, MARCUS A. FRASER, and 1–100 unknown
administrators, employees, agents, and assignees of
LINCOLN HALL, in both their individual and official
capacities,

                                        Defendants.

-----------------------------------------------------------------------x

                                                            09-CV-860 (CS) (LMS)


                                                            **MEMORANDUM DECISION
                                                            AND ORDER ADOPTING IN
                                                            PART AND MODIFYING
                                                            REPORT AND
                                                            RECOMMENDATION**


-----------------------------------------------------------------------x

NICOLE HAKIM, n/k/a NICOLE REYNOLDS,

                                        Plaintiff,

        - against -

LINCOLN HALL, LINCOLN HALL IVES SCHOOL,
a/k/a IVES SCHOOL, DR. FRANK McGOWAN,
Individually and as Director of Special Education Services
and/or Head Principal and Employee of Lincoln Hall and/or
Lincoln Hall Ives School, ROBERT HANLEY,
Individually and as Assistant Principal and Employee of
Lincoln Hall and/or Lincoln Hall Ives School, TERRENCE
THOMPSON, Individually and as Assistant Principal and
Employee of Lincoln Hall and/or Lincoln Hall Ives School,
DR. ROBERT J. McEVOY, Individually and in his Official
Capacity as a Psychologist and and Employee of Lincoln
Hall and/or Lincoln Hall Ives School, DR. ALDO PORCO,
Individually and in his Official Capacity as a Psychiatrist
and Employee of Lincoln Hall and/or Lincoln Hall Ives
School, KAY RICE, Individually and as Social Worker
Transitional Therapist and Employee of Lincoln Hall
and/or Lincoln Hall Ives School, CHRISTINE HICKEY,
Individually and in her Official Capacity as a Guidance
Counselor and CSE Chairperson and Employee of Lincoln
Hall and/or Lincoln Hall Ives School, SHAWN BROWN,
Individually and in his Official Capacity as Head of
Security and Employee of Lincoln Hall and/or Lincoln Hall
Ives School, MARCUS A. FRASER, and 1  100 unknown
administrators, employees, agents, and assignees of
LINCOLN HALL, in both their individual and official
capacities,

09-CV-861 (CS) (LMS)

**MEMORANDUM DECISION
AND ORDER ADOPTING IN
PART AND MODIFYING
REPORT AND
RECOMMENDATION**

Defendants.

-------------------------------------------------------------------x

Appearances:

Peter D. Hoffman
Betty J. Potenza
Giulia Frasca
Law Office of Peter D. Hoffman, P.C.
Katonah, New York
*Counsel for Plaintiffs*

Jean Y. Park
Jessica L. Berenbroick
Kelly Drye & Warren LLP
New York, New York

- 1 -

*Counsel for Defendants*

Seibel, J.

Before the Court is the October 23, 2009 Report and Recommendation of Magistrate Judge Lisa Margaret Smith[1] ("R&R"). (Doc. 61.) Plaintiffs DD and Nicole Hakim (collectively, "Plaintiffs") bring several federal claims under Title VII, the Rehabilitation Act, the Americans with Disabilities Act ("ADA"). and 42 U.S.C. § 1983, as well as various state law claims for intentional infliction of emotional distress, negligent supervision, negligent infliction of emotional distress,[2] assault, battery, hostile work environment, illegal termination, violations of New York's Labor Laws, and failure to warn against Defendants Lincoln Hall, Lincoln Hall Ives School, Dr. Frank McGowan, Robert Hanley, Terrence Thompson, Robert McEvoy, Aldo Porco, Kay Rice, Christine Hickey, and Shawn Brown, individually and in their official capacities, and Marcus Fraser, individually (collectively, "Defendants"). (*See* Plaintiff DD's First Amended Complaint ("DD's First Am. Compl.") (Doc. 47), in 09-CV-860, and Plaintiff Hakim's First Amended Complaint ("Hakim's First Am. Compl.") (Doc. 31), in 09-CV-861.)

On November 19, 2009, Plaintiffs filed their objections to the R&R. (Doc. 65.) Defendants responded on December 17, 2009, (Doc. 68), and Plaintiffs filed their reply on December 28, 2009 (Doc. 69).

---

[1] By Order dated April 23, 2009, I referred this matter to Magistrate Judge Smith for all purposes permitted by law (Doc. 26 )

[2] Only Plaintiff Hakim asserts the claim for negligent infliction of emotional distress. (*See* Pl. Hakim's Am. Compl ¶¶ 304-15.)

## I.    Review of the R&R

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

Insofar as a report and recommendation addresses a dispositive motion, a district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). The clearly-erroneous standard also applies when a party makes only "conclusory or general objections, or simply reiterates his original arguments." *Barratt v. Joie*, No. 96-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

Familiarity with the prior proceedings, and the R&R — including Judge Smith's recitation of the facts alleged — is presumed. Judge Smith concluded that Defendants' motion to dismiss should be granted as to Plaintiffs' federal claims, and recommended that this Court

- 3 -

decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. In the alternative, Judge Smith recommended that Defendants' motion to dismiss the state claims be granted in the event this Court chose to exercise supplemental jurisdiction. (R&R 1–2.)

For the reasons stated below, I will adopt Judge Smith's recommendations as to Plaintiff DD's federal claims, except that I will hold an evidentiary hearing on the issue of whether Plaintiff DD's gender discrimination claim should be equitably tolled due to mental incapacity. I will withhold decision on whether to exercise supplemental jurisdiction over Plaintiff DD's state law claims, pending my decision on equitable tolling. As for the Plaintiff Hakim's claims. I agree with Judge Smith's R&R, dismiss the federal claims, and decline to exercise supplemental jurisdiction over the state law claims. (*See* R&R 16.)

## II.   **Discussion**

### A.   **Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937. 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the

- 4 -

hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 1950. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiffs contend in their objections that Judge Smith erred by applying the standard for summary judgment, rather than the standard for a motion to dismiss; failing to accept facts alleged in the complaint as true; and not construing the facts and supporting documents in Plaintiffs' favor as required on a motion to dismiss. (*See* Plaintiffs' Objections to the Report & Recommendation of Hon. Lisa Margaret Smith Dated Oct. 23, 2009 ("Pls.' Objections") 7- 9; Plaintiffs' Reply to Defendents' Response to Plaintiffs' Objections to the Report & Recommendation of Hon. Lisa Margaret Smith Dated Oct. 23, 2009 ("Pls.' Reply") 2- 3.) They contend that Plaintiff DD's claims are facially plausible and provide the Court with sufficient facts from which to "infer" that the "Defendant [*sic*] is liable for the alleged misconduct." (Pls.' Objections 8.) Plaintiffs refer generally to their remaining individual objections, as well as a

- 5 -

chart included in their brief, as describing the facts that Judge Smith allegedly failed to consider and evidencing the improper application of the standard. (Pls.' Opp'n 7–9; Pls.' Reply 2–3.)

After reviewing Judge Smith's R&R, I find that the correct standard was applied. As required in a motion to dismiss, Judge Smith took as true Plaintiffs' factual assertions. (*See* R&R 7 (accepting as true Plaintiffs' allegations that they were chastised for taking a vacation, that their office was moved, and that their requests for training were denied); 9 (accepting as true that Plaintiffs filed several complaints regarding work conditions); 10 (accepting as true Plaintiffs' claims that their office move was retaliatory); 12 (accepting as true Plaintiffs' allegation that Defendants failed to respond to Plaintiffs' complaints and terminated Plaintiffs' employment without an opportunity to be heard); 14 (accepting as true Plaintiffs' allegation that Defendants accepted sexual or violent offenders to improve their financial situation); 19 (accepting as true Plaintiff Hakim's allegations of Defendants' discriminatory conduct against women, failure to provide a safe work environment, and that her office was moved to the third floor); 20 (accepting as true Plaintiffs' allegation that they were retaliated against for reporting discriminatory behavior, an unsafe work environment, and other unlawful conduct); 21 (accepting as true Plaintiffs' allegation that Defendants violated N.Y. Labor Law § 27-b(6)). Judge Smith likewise drew all inferences in favor of Plaintiffs. (*See id.* at 19 (assuming that Plaintiff DD sufficiently pleaded her hostile work environment claim); 21 (drawing all inferences in Plaintiff DD's favor to find that Count XIV alleges a violation of N.Y. Labor Law § 27-b(6)).

Judge Smith was not, however, required to accept as true merely conclusory allegations and legal conclusions. *Kamholtz v. Yates County*, No. 09-26, 2009 WL 3463481, at *1 (2d Cir. Oct. 29, 2009) (citing *Iqbal*, 129 S.Ct. at 1949–50). Judge Smith thus quite properly declined to

accept the legal conclusions in Plaintiffs' First Amended Complaints, and analyzed for herself whether the facts alleged, taken as true and in the light most favorable to Plaintiffs, could withstand a motion to dismiss.

Plaintiffs oppose Judge Smith's determinations that Plaintiffs had not shown they were subject to the continuing violation exception to the statute of limitations (Pls.' Objections 9–12; Pls.' Reply 3–4); that Plaintiff DD's claims of retaliation were untimely (Pls.' Objections 18–19; Pls.' Reply 7–8); that Plaintiffs' allegations of disability discrimination were not "reasonably related" to their claims before the Equal Employment Opportunity Commission ("EEOC") and therefore were unexhausted (Pls.' Objections 19–20, 22–24; Pls.' Reply 8, 9); and that Plaintiffs had failed to allege facts showing that the Defendants were state actors within the meaning of 42 U.S.C. § 1983 (Pls.' Objections 20–22; Pls.' Reply 8, 9). Plaintiffs are not entitled to any presumption in their favor with regard to these legal determinations, and they have not presented any examples to support their general and conclusory allegation that Judge Smith incorrectly applied the standard for a motion to dismiss. This objection is therefore dismissed.

## B.    Gender Discrimination Claims

Judge Smith recommended that Defendants' motion to dismiss be granted with respect to Plaintiffs' federal gender discrimination claims. She found that these claims were time-barred for failure to comply with the requirement that, in order to be eligible for federal review, complaints must be filed with the EEOC or the New York State Division of Human Rights within 300 days of the discriminatory conduct. Judge Smith also found that the timeliness defect could not be remedied by the continuing violation doctrine, which is inapplicable to discrete acts of discrimination such as those alleged by Plaintiffs. (R&R 6 7.) Finally, Judge Smith found

- 7 -

that Plaintiffs had not established that equitable tolling due to mental incapacity was appropriate. (R&R 7–8.)

Plaintiffs object to these conclusions, claiming that Plaintiffs did allege discriminatory acts occurring within 300 days of their EEOC filings, namely that Defendants "implemented a discriminatory policy or mechanism" by moving Plaintiffs to a makeshift office on the third floor, denying safety or security training requests, reprimanding Plaintiffs for taking a vacation, failing to provide security personnel, and not informing Plaintiffs of the presence of "sexual, violent offenders" among the student population. (Pls.' Objections 11.) Plaintiffs also appear to claim in their Objections that the September 17, 2007 assault on Plaintiff DD by Defendant Fraser, a student at Lincoln Hall, was a discriminatory act, as was Plaintiffs' termination on January 17, 2008, and that these events render timely the other alleged discriminatory events through application of the continuing violation doctrine. (*Id.* at 9–11.) Plaintiffs also contend that Plaintiff DD's gender discrimination claim should be equitably tolled because of her mental incapacity after the September 17, 2007 assault. (*Id.* at 12–18.) I review these issues *de novo.*

To file a federal complaint alleging violations of Title VII, a potential plaintiff must first present the claims forming the basis of such a suit in a complaint to the EEOC or the equivalent state agency. *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006) (*per curiam*). "In states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge of discrimination with the EEOC is 300 days." *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993), *superseded by statute on other grounds as recognized in Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir.1998). Any claim not brought within

- 8 -

this period is time-barred and cannot form the basis for federal claims. *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998). This limitations period begins to run from the date that each discrete act occurs. so that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). By way of example, the Court identified "termination, failure to promote, denial of transfer, or refusal to hire" as "discrete discriminatory acts." *Id.* at 114.

On the other hand, if the discriminatory conduct is deemed a continuing violation, it is actionable even if it began occurring and was discovered prior to the limitations period. *Id.* at 117. The continuing violation exception "extends the limitations period for all claims of discriminatory acts committed *under an ongoing policy of discrimination* even if those acts, standing alone, would have been barred by the statute of limitations." *Quinn*, 159 F.3d at 765 (emphasis in original and internal quotation marks omitted). To constitute a continuing violation, the acts must be more than just close in time or similar in nature. There must be "proof of specific ongoing discriminatory polic[i]es or practices." or an employer must be found to have permitted "specific and related instances of discrimination" to continue for so long that they amount to a discriminatory policy or practice. *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir. 1994).

Plaintiff DD filed her EEOC complaint on June 23, 2008, (Defs.' Mot. to Dismiss, Ex. C (copy of Plaintiff DD's EEOC complaint)), so any acts occurring within 300 days prior to that date – on or after August 29, 2007 — would be timely. Plaintiff Hakim filed her EEOC complaint on August 28, 2008 (Defs.' Mot. to Dismiss, Ex. D (copy of Plaintiff Hakim's EEOC complaint)), so any acts occurring within 300 days prior to that date – on or after November 3,

2007 — would be timely. (*See* R&R 8 9.) As Judge Smith noted, Plaintiffs' First Amended Complaints contain nearly no dates from which it can be determined when the allegedly discriminatory events took place. (R&R 8), and, contrary to Plaintiffs' assertions, this missing information is not supplied by the chart included in Plaintiffs' Objections. (*See* Pls.' Objections 2–6.)

I concur with Judge Smith that Plaintiff DD does not allege any timely gender discriminatory acts because virtually the only dates set forth in DD's First Amended Complaint are the assault by Defendant Fraser on September 17, 2007, and DD's termination on January 17, 2008. Plaintiffs' contention that the assault and attempted rape of Plaintiff DD on September 17, 2007, constitutes a timely discriminatory act, (Pls.' Objections 9), finds no support in 42 U.S.C. § 2000e-2, which prohibits *employers* from discriminating against persons based on their gender, and is rejected. *Cf. Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (internal quotation marks omitted). The attacker, Defendant Fraser, was a student at Lincoln Hall and not an agent of the other Defendants. Plaintiff's termination on January 17, 2008, likewise cannot serve as an act of gender discrimination occurring within the statutory 300-day period because Plaintiff alleges that she was terminated based on her disability, not her gender. (DD's First Am. Compl. ¶¶ 183, 198; *see* Pls.' Objections 10 ("As a result of her disability, Plaintiff DD was terminated.").) The remaining alleged acts of discrimination     the office move, denial of safety training, reprimands, failure to provide additional security as requested, and failure to warn of the presence of sexual offenders at the school — all seem to have occurred

prior to the September 17, 2007 assault, but nowhere does Plaintiff DD allege that any of the events occurred after August 29, 2007.

The failure to allege timely acts is particularly striking given Judge Smith's invitation to Plaintiff DD to specify in her objections which acts she alleged occurred on or after August 28, 2007. (R&R 9 n.4.) The objections, however, just restate that these acts occurred sometime after Plaintiff DD began work at Lincoln Hall in 2005 and before her assault on September 17, 2007. My obligation to construe the alleged facts in the light most favorable to Plaintiff does not extend to giving Plaintiff the benefit of the doubt as to facts she has not alleged. *See Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (improper for the court to assume "that the [plaintiff] can prove facts that [she] has not alleged"). Further, that a decision taken prior to August 27, 2007 might have effects after that date does not make the decision timely. *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) ("We have made it clear that a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act.") (citation omitted).

As for Plaintiff Hakim, she alleges no gender discrimination acts after November 3, 2007, rendering her claim of gender discrimination time-barred. Her termination does not suffice because she, too, alleges that that was an act of disability, not gender, discrimination. (Hakim's First Am. Compl. ¶¶ 269, 284.)

Because Plaintiff DD does not allege a valid act of gender discrimination occurring after August 29, 2007 (or, in Plaintiff Hakim's case, November 3, 2007), there is no timely act to which the untimely acts may be connected, and the continuing violation exception thus does not apply. Moreover, even if there were timely acts alleged, Plaintiffs would still have failed to

- 11 -

allege facts warranting application of the exception. Notwithstanding Plaintiffs' characterization of Defendants' actions as the result of some unspecified discriminatory policy or mechanism, the events as described by Plaintiffs were discrete acts and did not constitute a formal or widespread identifiable discriminatory policy or practice. Indeed, most of the allegations supporting Plaintiffs' continuing violation claim address actions that occurred only once or on a few (unidentified) occasions, and bear no discernable relation to one another. Plaintiffs' failure to link their allegations to any policy or mechanism is fatal to their continuing violation claim, since "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir. 1993). I therefore concur with Judge Smith and adopt her conclusion that the continuing violation doctrine does not apply to the discrete acts of discrimination alleged in the Amended Complaints.

Plaintiffs alternatively claim that their gender discrimination claims should be subject to equitable tolling based on mental incapacity following the September 17, 2007 attack on Plaintiff DD. Title VII's time limits for filing with the EEOC may, like statutes of limitations, be subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Equitable tolling is generally appropriate only in limited situations, including where a plaintiff has "in some extraordinary way been prevented from asserting his rights." *Mazurkiewicz v. N. Y. City Health & Hosps. Corp.*, No. 09-64, 2009 WL 4825381, at *1 (2d Cir. Dec. 16, 2009) (internal quotation marks omitted). Equitable tolling is to be applied "sparingly," *Morgan*, 536 U.S. at 113, and not out of a "vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). While equitable tolling does not apply where a plaintiff has

- 12 -

merely failed to act diligently, *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11  12 (2d Cir. 1994), "equitable tolling may be appropriate where the plaintiff's failure to comply with the statute of limitations is attributable to the plaintiff's medical condition." *Brown v. Parkchester S. Condominiums*, 287 F.3d 58, 60 (2d Cir. 2002). Plaintiffs bear the burden of showing that the application of the doctrine is appropriate. *Bolarinwa v. Perez*, No. 08-832, 2010 WL 308963, at *5 (2d Cir. Jan. 28, 2010); *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). The Court must consider whether a plaintiff "acted with reasonable diligence during the time period she seeks to have tolled," and "proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks omitted). Determining whether a plaintiff has a mental condition that warrants equitable tolling of a filing deadline is a "highly case-specific inquiry," given that "mental illnesses are as varied as physical illnesses." *Brown*, 287 F.3d at 60 (quoting *Boos*, 201 F.3d at 185).

As noted in the R&R, neither of the Plaintiffs' Amended Complaints contained any facts or allegations regarding their having been prevented by their mental health issues from pursuing their legal rights. (R&R 7.) Rather, Plaintiffs first raised this issue in connection with their state law claims in their opposition to the motion to dismiss, to which copies of Plaintiff DD's various medical reports were attached. (Pls.' Opp'n to Defs.' Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Ex. C.) Judge Smith, after reviewing these reports, concluded that Plaintiff DD did not sustain the heavy burden of demonstrating her entitlement to equitable tolling, and that equitable tolling was also inappropriate for Plaintiff Hakim, who did not submit any evidence in support of such a claim. (R&R 7–8.) Because no objection was raised regarding dismissal of

- 13 -

Plaintiff Hakim's equitable tolling claim, and there is still no evidence in support of it, I review for clear error and concur with Judge Smith's recommendation that Plaintiff Hakim did not establish that equitable tolling is appropriate.[3]

Plaintiff DD puts forth a more vigorous case in support of her equitable tolling claim and now maintains that she has been without sufficient mental capacity to pursue her legal rights since the September 17, 2007 assault. More specifically, Plaintiff DD asserts that she has been diagnosed with post-traumatic stress disorder, regularly sees a counselor and a psychotherapist, has been in and out of mental health facilities, and had a nervous breakdown and became suicidal on the one-year anniversary of the attack. (Pls.' Objections 12–18.) In support Plaintiff DD attaches several medical reports, her victim impact statement submitted in connection with Fraser's state-court sentencing, her EEOC Complaint, and affidavits of both DD and her mother, who states that she has become the *de facto* guardian of DD. (*Id.* Exs. A–I.) Plaintiff DD contends that she is unable to work and totally reliant on her mother and attorneys to pursue the other legal proceedings — including a workers' compensation claim, an EEOC complaint, and state court litigation — identified by Judge Smith as inconsistent with her claim of mental incapacity. (*Id.* 17–18, Ex. H; R&R 8.)

While there is support for the position taken by Judge Smith that the pursuit of other legal proceedings indicates that a plaintiff is sufficiently capable and that equitable tolling is therefore unwarranted, *see Rios v. Mazzuca*, 78 Fed. App'x 742, 745 (2d Cir. 2003) (denying application

---

[3]     Plaintiffs' vague allegations of Defendants' "stonewalling" in pre-litigation discovery, (*see* Pls.' Objections 13–14), also do not warrant equitable tolling. Plaintiffs have not explained how their personnel files and an incident report, if indeed withheld, prevented them from filing this lawsuit. Nor have Plaintiffs provided any case law in support of their suggestion that withholding pre-litigation discovery is a proper basis for denying the motion.

of equitable tolling where plaintiff, though mentally ill, pursued various legal claims), there is also support for reserving decision on such a fact-specific issue. *See Mandarino v. Mandarino,* 180 Fed. App'x 258, 261 (2d Cir. 2006) (trial court should not have resolved the equitable tolling issue on motion to dismiss because proper context for analyzing fact-specific question of mental incapacity is summary judgment); *Brown,* 287 F.3d at 60–61 (remanding for evidentiary hearing question of to what extent, if any, plaintiff's mental condition impaired his ability to comply with filing deadlines). Though Judge Smith may have been justified in deciding the issue on the papers, in an excess of caution I will conduct an evidentiary hearing as part of my *de novo* review. I therefore reserve decision on the issue of equitable tolling pending an evidentiary hearing as to whether Plaintiff DD was so disabled by her mental condition that equitable tolling is merited.

At the hearing, more evidence may be presented addressing the extent of Plaintiff DD's impairment and her participation in the various other legal proceedings that predate and parallel this case, namely her workers' compensation claim, the state court litigation, and her EEOC claim, as well as any criminal matters that resulted from the September 17, 2007 assault on DD. I will also allow limited discovery, on issues related to equitable tolling only, in advance of the hearing. The issue at the hearing will not be simply whether Plaintiff DD suffers from serious and ongoing effects from Fraser's assault on her. From what I have seen so far, she clearly does. But Plaintiff DD will also have to establish that those effects prevented her from asserting her rights.

- 15 -

## C.     Plaintiffs' Remaining Federal Claims

Judge Smith recommended that Defendants' Motion to Dismiss be granted with respect
to Counts II, III, IV, V, and XIII. After reviewing the R&R *de novo*, I agree with Judge Smith's
recommendations and dismiss Plaintiffs' remaining federal claims. Each is discussed briefly
below.

### 1.     Retaliation (Count II)

Plaintiffs allege that Defendants moved Plaintiffs' offices as retaliation for Plaintiffs'
complaints regarding improper conduct by co-workers, the lack of safety training, and
inadequate security. Casting the complaints as activity protected by Title VII, Plaintiffs allege
that the move (which is also cited as an act of gender discrimination in Plaintiffs' first claim) was
unlawful retaliation for complaints of gender-based discrimination. Judge Smith found that
Plaintiffs' retaliation claims pursuant to 42 U.S.C. § 2000e-3 were time-barred for the same
reasons as Plaintiffs' gender discrimination claims: Plaintiffs failed to allege any discriminatory
acts that occurred subsequent to August 29, 2007, in Plaintiff DD's case, and subsequent to
November 3, 2007, in Plaintiff Hakim's case. (R&R 9–10.) Plaintiffs also object for the same
reasons, claiming that they allege "ongoing" discriminatory acts that began before and continued
after the 300-day limit. (Pls.' Objections 18–19.)

As this is a repeat of Plaintiffs' gender discrimination arguments and no new facts or
allegations are included, I agree with Judge Smith that Plaintiffs' retaliation claims are time-
barred for the same reasons as their gender discrimination claims, discussed more fully above. I
therefore concur with Judge Smith's recommendation and conclude that Count II should be
dismissed with prejudice.

## 2. Rehabilitation Act (Count III)

As for Plaintiffs' claims under the Rehabilitation Act, Judge Smith determined that Plaintiffs' failure to allege disability discrimination in their EEOC complaints precluded jurisdiction over such claims. (R&R 10.) Judge Smith also found that because Plaintiffs were aware of any discriminatory conduct based on their disabilities when they filed their EEOC complaints, the "reasonably related" exception to filing with the EEOC was unavailable. (*Id.* at 11.)

Plaintiff DD objects that she lacked mental capacity after September 17, 2007, and that she alleged sufficient facts in her EEOC complaint to put the EEOC on notice and trigger an EEOC investigation into her disability. (Pls.' Objections 19–20.) It appears that both Plaintiffs also contend that their claims were reasonably related to those alleged in their EEOC complaints. (*Id.*)

In general, federal courts have no jurisdiction to hear claims not alleged in an employee's EEOC complaint. *See Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 613 (2d Cir. 1999); *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998). This exhaustion requirement is "an essential element of Title VII's statutory scheme," *Butts*, 990 F.2d at 1401, and is meant "to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Shah*, 168 F.3d at 614 (quoting *Stewart v. U.S. INS*, 762 F.2d 193, 198 (2d Cir. 1985)). Claims that were not asserted before the EEOC may nevertheless be pursued in a subsequent federal court action if they occur after the EEOC filing and are "reasonably related" to those that were filed with the agency, *Butts*, 990 F.2d at 1401–02 — for example, claims "alleging retaliation by an employer against an employee for filing" the underlying claim of discrimination, *id.* at 1402

- 17 -

— or if the conduct complained of would reasonably be expected to fall within the scope of the investigation based on the charges made. *Williams*, 458 F.3d at 70.

Plaintiffs claim that they alleged sufficient facts in their EEOC complaint to trigger an investigation into possible disability discrimination. (Pls.' Objections 19 20.) Both Plaintiffs claimed only gender discrimination and retaliation in their EEOC complaints. (*See* Defs.' Mot. to Dismiss, Exs. C, D (copies of Plaintiffs' EEOC complaints).) To be sure, in describing the aftermath of the September 17, 2007 assault by Defendant Fraser on Plaintiff DD, both stated in their EEOC complaints that they suffer from various ailments as a result of the attack, (*see id.* Ex. C, ¶¶ 109–11 (describing Plaintiff DD's symptoms resulting from the assault); Ex. D, ¶¶ 102 105 (describing Plaintiff Hakim's symptoms),) and that they are unable to return to work because of the assault, (*see id.* Ex. C, ¶ 109 ("As a result of the incident on September 17, 2007 I find it impossible to return to work at Lincoln Hall or any school where individual counseling is required."); Ex. D, ¶ 102 (same)), but they further made clear that gender, not disability, was the crux of their allegations. (*See id.* Ex. C, ¶ 113; Ex. D, ¶ 105 (claiming they were "constructively discharged from [their] employ at Lincoln Hall because of a hostile work environment, specifically toward female employees, that is so egregious [they] could not possibly return to any amount of employment there.").)

As noted, "[a] claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Deravin v. Kerik*, 335 F.3d 195, 200–01 (2d Cir. 2003) (internal quotation marks and citation omitted). In evaluating whether claims are reasonably related, the focus is on the factual allegations in the EEOC complaint that describe the discriminatory

- 18 -

conduct. *Id.* at 201. This fact-intensive analysis centers on whether the complaint gave the EEOC "adequate notice to investigate discrimination on both bases." *Mathirampuzha v. Potter,* 548 F.3d 70, 76 (2d Cir. 2008) (quoting *Williams,* 458 F.3d at 70). For example, the Second Circuit has held that an EEOC investigation of a complaint of retaliation could reasonably be expected to investigate other incidents of retaliation by the same actor. *Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 178 (2d Cir. 2005). Where claims are conceptually distinct, however, the "reasonably related" exception is inapplicable and the omitted claim is properly barred from federal review. *See Carter v. New Venture Gear, Inc.,* 310 Fed. App'x 454, 458 (2d Cir. 2009) (EEOC not on notice of plaintiff's gender-based claims because those claims not reasonably related to her race-based claims); *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 83–84 (2d Cir. 2001) (religious discrimination claim not reasonably related to EEOC charge alleging discrimination on basis of age and sex).

In this case, the substance of Plaintiffs' EEOC complaints cannot reasonably be read as indicating that Plaintiffs were discriminated against because of their mental condition, and thus did not put the EEOC on notice that it should investigate possible discrimination based on that disability. While mental health consequences were described to the EEOC, no factual connection between them and Plaintiffs' termination was alleged, and Plaintiffs ascribed their inability to work to the hostile work environment at Lincoln Hall and their fear of retaliation. (*See id.* Ex. C, ¶¶ 104 -15; Ex. D, ¶¶ 102–05.) Indeed, in those complaints, Plaintiffs claimed their terminations on January 17, 2007 were because of Defendants' discrimination based on Plaintiffs' gender, not based on their mental incapacity. (*Id.* Ex. C, ¶ 124; Ex. D, ¶ 116.) The reasonable scope of the investigation cannot be stretched to bridge the gap between the

- 19 -

allegations of gender discrimination and retaliation in the EEOC complaints and Plaintiffs' claims in this case of discrimination based on their disabilities. *See Mathirampuzha*, 548 F.3d at 76.

Having considered Plaintiffs' objections *de novo*, I reject Plaintiffs' contention that the EEOC was on notice and should have investigated their disability discrimination claims because those claims were reasonably related to the gender discrimination and retaliation claims Plaintiffs actually alleged in the EEOC complaints. Additionally, because Plaintiffs' termination on January 17, 2008, which Plaintiffs' First Amended Complaints now allege to have constituted disability discrimination, occurred well *before* their EEOC filings, the reasonably related doctrine based on conduct *after* the filing of an EEOC complaint does not apply. *See Butts*, 990 F.2d at 1402–03. I therefore concur with Judge Smith's conclusions in the R&R.

I find Plaintiff DD's argument that she was mentally incapacitated unavailing, since it does not explain why Plaintiff DD was able to allege gender discrimination and retaliation but not discrimination based on her disability. By Plaintiff DD's own account, she was receiving significant assistance with her legal proceedings, including her EEOC claims, from her mother and attorneys, precisely because she was mentally incapacitated. (*See* discussion *supra*; Pls.' Objections 17–18, Ex. H.) It defies common sense that she was unable to file her disability claim because of her mental incapacity, a disability so significant that it required her mother and attorneys to act on her behalf, yet she (or they) neglected to include a disability discrimination charge in the EEOC complaint while including gender discrimination and retaliation charges. Accepting Plaintiffs' facts as true, as Judge Smith did, DD and/or her mother and attorneys would have been well aware of DD's disabilities when filing her complaint with the EEOC.

- 20 -

(R&R 11.) The absence of a disability claim in her EEOC complaint is fatal to her claim here. *See Williams*, 458 F.3d at 70. I accordingly adopt Judge Smith's conclusions and dismiss Plaintiff DD's Rehabilitation Act claim.

Further, Plaintiff Hakim's general objection to this dismissal lacks any specific support, and, finding no clear error, I accordingly concur with Judge Smith that Plaintiff Hakim's Rehabilitation Act claim should be dismissed. (R&R 11.)

### 3. Americans with Disabilities Act (Count V)

Judge Smith similarly concluded that Plaintiffs' claims under the ADA in Count V, which are also subject to an exhaustion requirement, should be dismissed because Plaintiffs did not file claims for violation of the ADA or discrimination based on their disabilities in their EEOC complaints. (R&R 14-15.) Judge Smith found identical shortcomings in Plaintiffs' Rehabilitation Act claims: Plaintiffs only filed under Title VII, alleging gender discrimination and retaliation. She additionally found that the reasonably related exception — also available for claims under the ADA — was inapplicable because Plaintiffs filed long after they would have been discriminated against based on their disabilities and there were no allegations of disability discrimination arising subsequent to the filing of their EEOC claims. (*Id.* at 15.) Plaintiffs raise the same objections as for their Rehabilitation Act claims, which will not be repeated here for the sake of brevity. (Pls.' Objections 23–24.) For the reasons discussed above with respect to the Rehabilitation Act claims, I adopt Judge Smith's conclusion and dismiss Plaintiffs' ADA claims with prejudice.

- 21 -

### 4.    Section 1983 (Count IV)

In Count IV Plaintiffs claim that they were denied due process under 42 U.S.C. § 1983
because Defendants failed to respond to Plaintiffs' complaints regarding the allegedly
inappropriate relationship between Defendants Thompson and Hickey, discriminated against
Plaintiffs due to their disability, and terminated Plaintiffs' employment without an opportunity to
be heard. (*See* Pl. DD's First Amended Compl. ¶¶ 178, 183, 184, 189; Pl. Hakim's First
Amended Compl. ¶¶ 264, 269, 270, 274.) Section 1983 claims require action under color of law,
42 U.S.C. § 1983, and Judge Smith determined that Plaintiffs' allegations did not show that
Defendants' actions as alleged in the Complaints were taken under color of law. She therefore
recommended dismissal of those claims.

In their Objections, Plaintiffs state that it is premature to decide whether or not
Defendants' actions constitute state action before discovery has been conducted. (Pls.'
Objections 20.)  Plaintiffs also maintain that Defendants were state actors because Defendants
educated and rehabilitated youths, that in their role as guidance counselors Plaintiffs were
"essential" to that service, and that Judge Smith was incorrect to differentiate between
Defendants' provision of educational and rehabilitative services and their employment decisions.
(*Id.* at 21–22.)

As detailed by Judge Smith, Section 1983 prohibits infringement of a person's federal
rights "under color of law," which has been interpreted to be the same thing as "state action"
under the Fourteenth Amendment. (R&R 11–12 (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830,
838 (1982).)  The central question is whether the allegedly infringing conduct can fairly be
attributed to the state, and the Supreme Court has identified several factors to guide this

determination. (*Id.* (quoting *Rendell-Baker*, 457 U.S. at 840–43).) As Judge Smith correctly noted, while Defendants may be state actors with respect to their provision of services to their residents, Plaintiffs' claims go to employment decisions by the Defendants. (R&R 12 13.) Plaintiffs' attempt to rebut this distinction boils down to the conclusory assertion that because Plaintiffs were "an essential component" to the Defendants' provision of services, all decisions affecting their employment constituted state action. (Pls.' Objections 21.)

Case law makes clear, however, that Judge Smith is correct: employment decisions, even by employers who may be state actors in other contexts, do not constitute state action absent a showing that there was a nexus between the challenged actions and the state. *See, e.g., Rendell-Baker*, 457 U.S. at 840–41 (private school's decision to fire teacher was not state action, even though the school was extensively financed and regulated by State, because ultimate decision to discharge teacher was not "compelled or even influenced by any state regulation"); *Beverley v. Douglas*, 591 F. Supp. 1321, 1329–30 (S.D.N.Y. 1984) (no recovery on § 1983 claims where plaintiff did not allege state played any part in employment decisions by medical school or hospital). Having failed to allege facts supporting such a showing, Plaintiffs' claims cannot stand. Further, Plaintiffs' argument that their claims should be stayed pending discovery would contravene *Iqbal*'s command that mere conclusions are insufficient to "unlock the doors of discovery." 129 S. Ct. at 1950. I thus concur, upon my *de novo* review, with Judge Smith's recommendation that Count IV should be dismissed with prejudice.

## 5.    Fourteenth Amendment (Count XIII)

Judge Smith also recommended dismissal of Count XIII, in which Plaintiffs allege violation of their rights under the Fourteenth Amendment. More specifically, Plaintiffs claim

- 23 -

that Defendants discriminated against Plaintiffs because of their gender by admitting sexual or violent offenders to Lincoln Hall. failing to provide safety and security training, and moving plaintiffs' offices. (*See* Pl. DD's First Amended Compl. ¶¶ 285–99; Pl. Hakim's First Amended Compl. ¶¶ 366–80.) Judge Smith recommended dismissal of Plaintiffs' claims because of the absence of any allegations of state action and Plaintiffs' failure to allege disparate impact or establish how moving their offices constituted an adverse employment action. (R&R 14.) Plaintiffs object with the conclusory assertion that it is premature to dismiss their claims before discovery has been conducted and refer to their objections to dismissal of their § 1983 claims. (Pls.' Objections 22.)

Because the Fourteenth Amendment applies only to acts of the states, *Rendell-Baker*, 457 U.S. at 837, and is actionable through 42 U.S.C. § 1983, *id.*, to survive a motion to dismiss Plaintiffs must show that the State was involved in Defendants' decisions. As discussed above, Plaintiffs have not shown any state involvement in the allegedly discriminatory decisions. Nor can Plaintiffs remedy this defect by saying that they cannot make this showing without obtaining necessary discovery, since on a motion to dismiss they must come forward with "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Finally, Plaintiffs failed to even address Judge Smith's findings that Plaintiffs did not allege disparate impact or explain how the office move was discriminatory. After reviewing the R&R *de novo*, I agree with Judge Smith's conclusion that Plaintiffs' Fourteenth Amendment claims should be dismissed with prejudice.

### D.     Plaintiffs' State Law Claims

Having found that Plaintiff Hakim failed to state any federal claims, I adopt the

recommendation of Judge Smith and decline to exercise supplemental jurisdiction over Plaintiff

Hakim's state law claims. I therefore dismiss those claims without prejudice. *See Carnegie-*

*Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Kolari v. N.Y.-Presbyterian Hosp.*, 455

F.3d 118, 121–22 (2d Cir. 2006); *Healthcare Fin. Group. Inc. v. Bank Leumi USA*, No. 08-

11260, 2009 WL 3631036, at **5–6 (S.D.N.Y. Oct. 26, 2009).

With regard to Plaintiff DD's state law claims, I reserve decision on whether to exercise

supplemental jurisdiction pending the outcome of the evidentiary hearing on Plaintiff DD's

mental capacity discussed above.

### III.    Conclusion

On the basis of the foregoing, the Court adopts the R&R to the extent it is consistent with

this opinion. The motion to dismiss is granted in part. Plaintiff Hakim's federal claims are

dismissed with prejudice and her state law claims are dismissed without prejudice. The Clerk of

the Court is respectfully directed to terminate the pending motion, (Doc. 33), and close *Hakim v.*

*Lincoln Hall*, 09-CV-861. Plaintiff DD's federal claims are dismissed with prejudice, except for

Plaintiff DD's gender discrimination claims. Plaintiff DD and the Defendants are directed to

appear at a status conference on April 9, 2010, at 10:15 a.m., at which time the scheduling of a

hearing addressing equitable tolling, and limited discovery on that subject, will be discussed.

The Clerk of the Court is respectfully directed to terminate the pending motion, (Doc. 49), in *DD*

*v. Lincoln Hall*, 09-cv-860. This Memorandum Decision and Order is to be docketed in 09-CV-

860 and 09-CV-861.

- 25 -

**SO ORDERED.**

Dated:  February *19*, 2010
White Plains, New York

CATHY SEIBEL, U.S.D.J.